```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF NORTH CAROLINA
              CHARLOTTE DIVISION
                3:08CV455-02-MU
```

| | |
|---|---|
| **MERVIN V. ARMSTRONG,** ) | |
|     **Plaintiff,** ) | |
| ) | |
|     v. ) | <u>ORDER</u> |
| ) | |
| **ANTHONY F. MONAGHAN, Assis-** ) | |
|   tant Public Defender; and ) | |
| **MARSHALL A. SWANN, Court** ) | |
|   Appointed Counsel, ) | |
|     **Defendants.** ) | |
| _____) | |

    **THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint under 42 U.S.C. §1983, filed October 2, 2008. For the reasons stated herein, Plaintiff's Complaint will be <u>dismissed</u>.

    By his Complaint, Plaintiff essentially complains that Defendants have subjected him to ineffective assistance of counsel in the course of their representation of him. By way of relief, Plaintiff seeks the dismissal of his criminal charges and $199,985.00 in damages for "lost . . . wages [and] emotional and physical distress." Notwithstanding his obvious belief to the contrary, however, Plaintiff's Complaint must be summarily dismissed for its failure to state a federal claim for relief.

    Indeed, it is well settled that "[a]n attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983." <u>Anderson v. Glover</u>, 2008

WL 4427227, slip op. at 3 (D. S.C. Sept. 29, 2008); see also Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980)(affirming dismissal of 42 U.S.C. §1983 action against court-appointed attorney as lacking "state action" and therefore failing to state a claim); and Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of 42 U.S.C. §1983 action against retained counsel).

To put it another way, "when a public defender performs a lawyer's traditional functions as counsel to a defendant in a criminal proceeding, he does not act under the color of state law there and is not subject to civil liability under 42 U.S.C. § 1983 . . . Further, when an attorney is appointed to represent an indigent criminal client, because the assignment entails functions and obligations in no way dependent on state authority, the attorney is entitled to the dismissal of a plaintiff's § 1983 action against him for want of state action." Wiggins v. Montgomery, 2008 WL 161303, slip op. at 2 (E.D. Va. Jan. 14, 2008) (internal quotations and citations omitted). Consequently, inasmuch as the named Defendants are attorneys who are not amenable to suit under § 1983, this action must be summarily dismissed.

**NOW, THEREFORE, IT IS ORDERED** that the instant Complaint is

**DISMISSED with prejudice** for Plaintiff's failure to state a claim upon which relief can be granted.

**SO ORDERED.**

Signed: October 7, 2008

Graham C. Mullen
United States District Judge